<hr />

## Case No. 4,741.

FERGUSON et ux. v. PECKHAM et al.

[6 N. B. R. 569; 29 Leg. Int. 285; 6 Alb. Law J. 291.] [1]

District Court, D. Rhode Island. May 12, 1872.

[1] [Reprinted from 6 N. B. R. 569, by permission. 6 Alb. Law J. 291, contains only a partial report.]

Wingate Hays, for petitioners.

James Tillinghast and Abraham Payne, for respondents.

KNOWLES, District Judge. I deem it advisable in this connection to notice more pointedly than I yet have done one objection urged by the learned counsel of the respondents. That was, that the court could not consistently entertain the motion under consideration, because in Barstow v. Peckham [Case No. 1,064] it had ruled, and in Re Masterson [Id. 9,268] had assumed that only by a suit in equity, or by action at law. can a controversy between an assignee and a claimant of an adverse interest be brought to the consideration of the court. This objection, it may be conceded, seems to be well taken, but I find it unnecessary here to consider its pertinence or validity. It suffices to say, that the ruling referred to (in October, eighteen hundred and seventy) was intended and believed to be in entire conformity with that of Justice Clifford, in Knight v. Cheney [Id. 7,883], as orally announced in September, eighteen hundred and seventy, in a brief communication to counsel and parties, informing them of his judgment in that case, and of his purpose at a more convenient season to commit to writing and place on file his opinion in extenso upon the questions involved. As it was not noticed by myself or others, that in that communication any distinction was recognized between a petition by an assignee against an adverse claimant, and a petition by such a claimant against an assignee, the court in its opinion recognized no distinction. By suit in equity or action at law, said the court, expressly or impliedly, and not by petition, must such parties respectively assert their antagonist rights and claims. But herein it seems the court acted under a misapprehension of the scope of the rulings of Justice Clifford, for it appears that in his opinion in Knight v. Cheney [supra], as written and published in October, eighteen hundred and seventy-one, he restricts his reasonings and language to the case on hand, (that of a petitioning assignee against an adverse claimant,) adjudging that by action at law, or suit in equity, must an assignee proceed against an adverse claimant, studiously avoiding any expression of his views respecting the right of an ad-verse claimant to proceed by simple petition against an assignee. Indeed, for aught that is expressed in his opinion as printed, (of implications I here say nothing,) or in the opinion in Smith v. Mason [14 Wall. (81 U. S.) 419], (supreme court, December, eighteen hundred and seventy,) their author may hereafter without inconsistency assent to the views of the learned judge of the Massachusetts district, in Re Evans [Case No. 4,551], (uttered in January, eighteen hundred and seventy-one, but not printed, it is believed, until May, eighteen hundred and seventy-two), lucidly expressed as follows:

"It is said to have been decided by Mr. Justice Clifford, sitting in the district of Rhode Island, that actions by assignees against persons 'claiming an adverse interest,' should be by regular suits at law or in equity, as the facts may require, and not by summary petitions in the court of bankruptcy. I suppose this decision is to be taken subject to the qualifications of sections six and twenty-five of the statute [of 1867 (14 Stat. 520, 528)], the first of which gives power to any persons who choose to submit to the jurisdiction to take the opinion of the district court on a case stated; and the latter gives the court of bankruptcy power to order the sale of property in the actual possession of the assignee, who is to hold the proceeds instead of the property, subject to all lawful claims and liens. And I may add, that on general principles the assignee, who is an officer of the bankrupt court, may be proceeded against by summary petition in respect to any fund in his hands, if the opposing party choose to proceed in that way, though the assignee himself has no right to take similar action against third persons. The decision to which I refer has not been written out; but I take it to be the law, that subject to the exceptions which I have referred to, the assignee must bring his action."

Lowell, J., it is here seen, adopts and follows the rulings of Justice Clifford, (as did the supreme court in Smith v. Mason [supra], in December, eighteen hundred and seventy,) restrictive of the rights of an assignee, while in unmistakable terms he accords to an adverse claimant a right of election of remedies, as between the simple petition and summary proceedings on the one hand, and a regular suit at law or in equity on the other.

I add, in conclusion, as due to myself and to litigants in this district, that my rulings in Barstow v. Peckham [supra], and in other cases, if any, are here retracted so far as in conflict with those of my brother of the Massachusetts district, as above quoted, mine having been made under a misapprehension as to the scope of Justice Clifford's decision, rather than as the conclusions of my own judgment as a judicial officer. Under a decision of the supreme court coinciding with that of Justice Clifford, I must, of

course, continue to hold that an assignee cannot by summary petition prosecute his claims against an adverse claimant; but whether an adverse claimant may or can prosecute his claims against an assignee by such petition, as held by Lowell, J., is a question upon which I reserve my opinion, until it shall again arise, and shall have been as it never yet has been in my hearing, fully argued by opposing counsel.

To an argument in support of the doctrine that under the provisions of the bankrupt act an adverse claimant is entitled to an election of remedies not accorded to his antagonist assignee, it will be a gratification to listen at any time; as it will also be to learn by what "general principles" affecting the question at issue, the special provisions of that act in regard to the jurisdiction in bankruptcy of the federal courts, are to be held to be controlled, limited or qualified.